UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KHANH PHAN,
    Plaintiff,

        v.                            CIVIL ACTION NO. 18-12636-MPK

JAXX INC,
    Defendant.

## ORDER

May 13, 2019

KELLEY, U.S.M.J.

The Court is in receipt of the letter of *pro se* litigant Khanh Phan in which he asks that a public defender be appointed to represent him so that he may resolve this case.

A public defender is appointed to represent an indigent defendant—generally in a criminal case—who has a constitutional right to representation. A public defender is paid from taxpayer funds. A civil plaintiff, however, lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). When counsel is appointed under 28 U.S.C. § 1915(e)(1), the attorney represents the client on a *pro bono* basis, which means that the attorney is not reimbursed for her or his time working on the case.[1] To qualify for appointment of *pro bono* counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See Desrosiers*, 949 F.2d at 23.

---

[1] "*Pro bono*" is from the Latin phrase "*pro bono publico*," which means "for the public good." PRO BONO, Black's Law Dictionary (10th ed. 2014).

Here, the Court does not have sufficient information regarding Phan's financial circumstances and therefore cannot determine whether he is financially eligible for the appointment of counsel.  Further, the filing fee has not been resolved.  In addition, as the Court explained in its April 5, 2019 memorandum and order [ECF #5], it appears that subject matter jurisdiction does not exist.  In other words, at this point, exceptional circumstances do not exist that would justify the appointment of *pro bono* counsel.[2]

The deadline for complying with the Court's April 5, 2019 order has passed without any response from Phan.  In light of his request for counsel, the Court will afford him additional time to comply with that order.

Accordingly, the Court hereby orders:

1. Phan's request for the appointment of counsel is DENIED.

2. If Phan wishes to pursue this action, he must, **_no later than May 28, 2019_**:

    (a) Pay the $400 filing fee or file a renewed motion for leave to proceed *in forma pauperis*; and

    (b) show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Failure to comply with this directive may result in dismissal of the action without prejudice.

---

[2] If Phan believes he is the victim of criminal activity or otherwise has information related to a criminal offense, he may ask the Attorney General of the Commonwealth of Massachusetts to investigate.  Instructions for making such a request may be found at https://www.mass.gov/how-to/file-a-request-for-review-with-the-attorney-generals-criminal-bureau (last visited May 13, 2019.  Instructions for filing a consumer complaint with the Commonwealth's Attorney General are located at https://www.mass.gov/how-to/file-a-consumer-complaint (last visited May 13, 2019).  In addition, the FBI runs a website, www.ic3.gov, which is an internet crime complaint center. Plaintiff can fill out a complaint form online.  In providing this information, the Court takes no position on whether contacting any of these government officials is an appropriate course of action for Phan.

SO ORDERED.

 /s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge